## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEVIN W. STANBRIDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 24-4061-CSB** |
| | ) | |
| | ) | |
| **T. BATTINGTON,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendant Dulce Quintero's pending motions.

Plaintiff Kevin W. Stanbridge is a civil detainee with the Illinois Department of Human Services ("IDHS"), who is being detained at the IDHS's Treatment and Detention Facility in Rushville, Illinois ("Rushville"). Defendant Dulce Quintero is the Secretary of the IDHS.

On April 10, 2024, Plaintiff filed the instant case under 42 U.S.C. § 1983 alleging that Secretary Quintero, and others, have violated and are violating his Constitutional rights. Specifically as it relates to his claim against Defendant Quintero, Plaintiff alleged that the IDHS's policy at Rushville forces detainees, such as himself, to utilize a nurse sick call line in order to obtain medical services—even in emergency situations. Plaintiff alleges that this policy is unconstitutional, in that, it violates his Fourteenth Amendment Due Process rights.

Defendant Quintero has now moved the Court to dismiss Plaintiff's case against Defendant Quintero for two reasons. *First*, Defendant Quintero argues that the United Supreme Court's holding in *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), does not apply because liability under *Monell* only applies to municipalities, not to state officials. *Second*, Defendant Quintero argues that the IDHS (and, by extension, the Secretary of the IDHS) is not a "person" under § 1983 and that the IDHS is immune from liability under the Eleventh Amendment to the United States Constitution. Accordingly, Defendant Quintero asks the Court to be dismissed as a party Defendant because Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant Quintero.

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the facts as set forth in the complaint along with all reasonable inferences. *Thulin v. Shopko Stores Operating Co., LLC,* 771 F.3d 994, 995 (7th Cir. 2014). To survive a Rule 12(b)(6) motion, the plaintiff's claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Furthermore, the factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007)(quoting *Twombly,* 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a

'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Twombly,* 550 U.S. at 555). Nevertheless, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly,* 550 U.S. at 555).

Defendant Quintero is correct that the Supreme Court's holding in *Monell* only applies to municipal actors, not to state officials. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70 (1989). Therefore, the Court was imprecise in its language that Plaintiff had stated a claim against Defendant Quintero pursuant to *Monell* along with Defendant Wexford Health Sources, Inc. ("Wexford").

Defendant Quintero is also correct that any claim for monetary damages against the Secretary of the IDHS in an official capacity is barred by the Eleventh Amendment. *E.g., de Lima Silva v. Department of Corrections,* 917 F.3d 546, 565 (7th Cir. 2019).

However, Defendant Quintero is incorrect that Plaintiff's Complaint fails to state a claim upon which relief can be granted. A state official can properly be named as a party defendant in an official capacity on a claim that seeks prospective, injunctive relief if there is an on-going Constitutional violation. *Marie O. v. Edgar,* 131 F.3d 610, 615 (7th Cir. 1997); *Rasho v. Jeffrys,* 22 F.4th 703, 712 (7th Cir. 2022)(outlining the limited forms of injunctive relief available in the prison setting). Plaintiff alleged in his Complaint that the nurse sick call line procedures violates his Constitutional rights. Plaintiff further alleges that this is an on-going issue at Rushville and that this IDHS policy violated and continues to violate his Constitutional rights. D/E 1.; *see* Court's May 17, 2024 Order at

D/E 5. And, to the extent that it was necessary for him to do so, Plaintiff has clarified in his response to Defendant Quintero's motion to dismiss that his claim against the Secretary of the IDHS is an official capacity claim against Defendant Quintero that seeks prospective, injunctive relief for an alleged violation of his Constitutional rights that is presently occurring. D/E 23; *e.g.*, *Cobarrubia v. Keefe Grp., LLC*, 2023 WL 2712213, * 3 (D.N.M. Mar. 30, 2023)(citing cases)("Courts may consider clarifying details contained in a response, provided that such details do not amplify the allegations in the complaint.").

Accordingly, while the Court should not have included Defendant Quintero along with co-Defendant Wexford as a party that Plaintiff could potentially hold liable under *Monell*, the Court did not err in finding that Plaintiff's Complaint stated a claim against Defendant Quintero upon which relief can be granted. Therefore, the Court clarifies that Plaintiff's Complaint states an official capacity claim against Defendant Quintero based upon the alleged unconstitutional policy maintained by the IDHS that requires detainees at Rushville to utilize the nurse sick call line in order to obtain medical care—even in emergency situations. Plaintiff may only obtain prospective injunctive relief if he is successful on this claim against Defendant Quintero.

**IT IS, THEREFORE, ORDERED:**

1. **Defendant Dulce Quintero's motion to dismiss [20] is DENIED.**

2. **Defendant Dulce Quintero's third motion for an extension of time [21] is GRANTED.**

3. Accordingly, Defendant Dulce Quintero has up to and including October 7, 2024, within which to file an Answer to Plaintiff's Complaint.

4. The Court anticipates that this will be the last extension granted for Defendant Dulce Quintero to file an Answer to Plaintiff's Complaint.

Entered this 23rd day of September, 2024

_____/s Colin S. Bruce_____
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE